# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4287 | **DATE** | 10/30/2003 |
| **CASE TITLE** | Flores, et al. vs. Lifeway Foods, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' Motion for Order Authorizing Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' Motion for an Order Authorizing Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b) [12-1] is denied. See attached opinion.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| X | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials

Date/time received in central Clerk's Office

number of notices

NOV 0 3 2003 date docketed

docketing deputy initials

date mailed notice

mailing deputy initials

Document Number

12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRANQUILINO FLORES, SATURNINO )
GALINDO, FRANCISCO DeJESUS )
LUNA, ALFONSO MARRIN, ANDRIAN )
PEREZ, ANDRES PUEBLA, ESTEBAN )
MARRIN, HERON MARTINEZ, )
EZEQUIEL RAMIREZ, MAXIMO )
RAMOS, TIBUREIO SANCHEZ, )
HERMENGILDO SERRANO, and )
MIGUEL SOLIS on behalf of themselves )
and all other Plaintiffs similarly situated )
known and unknown, ) No. 03 C 4287
 )
            Plaintiffs, )
 )
v. ) Judge Charles R. Norgle
 )
LIFEWAY FOODS, INC., )
 )
           Defendant. )

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge:

## I. INTRODUCTION

Before the Court is Plaintiffs' Motion for an Order Authorizing Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b). For the following reasons the motion is denied.

## II. BACKGROUND

The named Plaintiffs brought suit on behalf of themselves and on behalf of others similarly situated against Defendant Lifeway Food, Inc. ("Lifeway") for violations of the Fair Labor Standards Act ("FLSA"), the Portal to Portal Act, the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act. Plaintiffs allege that "Defendants utilized various schemes to deny Plaintiffs and other similarly situated employees their earned overtime and other wages." Pls.'s

Compl. ¶ 2. Specifically, in regard to the FLSA claim, Plaintiffs allege that Lifeway violated the FLSA in the following three manners. First, by failing to pay Plaintiffs and other similarly situated employees a wage at one and one-half times their hourly wages for all hours worked in excess of forty hours in individual workweeks. See Pls.' Compl. ¶ 11a. Second, by "shorting" Plaintiffs' and other similarly situated employees' paychecks by refusing to pay them for all "clocked" and worked hours in individual work weeks. See Pls.' Compl. ¶ 11b. Third, by unlawfully "rounding" down Plaintiffs' and other similarly situated employees' clocked work hours to the one hour increment that is most advantageous to Defendant." See Pls.' Compl. ¶ 11c.

The remaining counts of Plaintiffs' Complaint allege violations of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act. Plaintiffs allege that the Illinois Minimum Wage Law claim is brought as a class action under Federal Rule of Civil Procedure 23, see Pls.' Compl. ¶ 24; however, no motion has been filed with respect to certification of a class.

With respect to the FLSA claim, on August 19, 2003, Plaintiffs filed the present Motion for an Order Authorizing Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b). In that motion, Plaintiffs' prayer for relief requests the following: (1) an order directing Lifeway to submit to Plaintiffs the names and addresses of all persons employed on an hourly basis within the last three years; (2) an order approving the proposed Notice and Consent forms; (3) an order barring Lifeway from communicating with putative collective action plaintiffs and precluding Lifeway from securing releases or waivers of FLSA rights; and (4) any other relief this Court deems appropriate. This motion is fully briefed and ready for ruling.

## III. LEGAL STANDARDS

Section 216(b) of the FLSA allows individuals to become parties to a collective action under the FLSA by filing consents with the court. The relevant text of that statute provides:

> An action to recover the liability prescribed in [sections 206, 207 or 215(a)(3) of title 29] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (2003).

Section 216(b)'s method of requiring an individual to file a consent to join in a collective action under the FLSA has been referred to as an "opt-in" requirement. The Seventh Circuit has indicated that the "opt-in" requirement of § 216(b) preempts the class action procedure under Federal Rule of Civil Procedure 23. See King v. General Elec. Co., 960 F.2d 617, 621 (7th Cir. 1992) (citing LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 289 (5th Cir. 1975)). Thus, a § 216(b) collective action is not a Rule 23 class action. The difference between a Rule 23 class action and a § 216(b) collective action is that "in the latter the class member must opt in to be bound, while in the former he must opt out not to be bound." Woods v. New York Life Ins. Co., 686 F.2d 578, 580 (7th Cir. 1982). This difference has an effect on the requirement of notice that must be given to a putative class, based on due process considerations.

In a Rule 23 class action, "the court shall direct to the members of the class the best notice practicable under the circumstances," Fed. R. Civ. P. 23(c)(2), so as to allow class members to "opt out." In contrast, a § 216(b) collective action has no such provision for court-ordered notice. Because of this absence of a provision for court-ordered notice, plaintiffs have sought judicial

construction to permit similar notice to putative collective action plaintiffs in FLSA suits. See Wesley Kobylak, Notice to Potential Class Members of Right to "Opt-In" to Class Action, Under § 16(B) of Fair Labor Standards Act (29 U.S.C. § 216(b)), 67 A.L.R. Fed. 282 (1984) (collecting authority). In Hoffmann-LaRoche, Inc. v. Sperling, 493 U.S. 165, 169 (1989), the Supreme Court held that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . in [FLSA] actions by facilitating notice to potential plaintiffs."[1]

While, a § 216(b) collective action is not a Rule 23 class action, the two are similar. In fact, numerous courts have referred to a § 216(b) collective action as a "spurious class action." See, e.g., Woods, 686 F.2d at 579; Bayles v. American Medical Response of Colorado, Inc., 950 F. Supp. 1053, 1064 (D. Colo. 1996). And since the § 216(b) collective action and the Rule 23 class action are similar, yet not the same, a certain amount of confusion has arisen in the course of the federal courts' decisions on the issue of when, and under what circumstances, courts may authorize that notice be issued to putative collective action plaintiffs.

A majority of federal courts have held that a § 216(b) collective action need not comply with the requirements of a Rule 23 class action (commonality, typicality, numerosity and adequacy of representation). See, e.g., LaChapelle, 513 F.2d at 288 (indicating that "[t]here is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 216(b)"). In contrast, a minority of federal courts have held that a § 216(b) collective action

---

[1] The Hoffmann-LaRoche decision involved a claim under the Age Discrimination in Employment Act, which incorporates the enforcement provisions of the FLSA. See 493 U.S. at 167 (indicating that "[s]ection 7(b) of the ADEA incorporates enforcement provisions of the [FLSA] and provides that the ADEA shall be enforced using certain of the powers, remedies and procedures of the FLSA"). Thus, as having interpreted § 216(b), the Hoffmann-LaRoche decision is relevant to the issue before the Court.

is guided by the requirements of a Rule 23 class action. See, e.g., Shushan v. University of Colorado at Boulder, 132 F.R.D. 263, 265 (D. Colo. 1990) (indicating that a § 216(b) collective action "must satisfy all of the requirements of Rule 23, insofar as those requirements are consistent with 29 U.S.C. § 216(b)").

This split is also evident in the decisions of the Northern District of Illinois. Compare Perez v. Radioshack Corp., No. 02 C 7884, 2003 WL 21372467, at * 1 (N.D. Ill. June 13, 2003) (stating that "[u]nder 29 U.S.C. § 216(b), plaintiff need only show that he is suing his employer for himself and on behalf of other employees 'similarly situated,' a requirement that courts have characterized as 'considerably less stringent than the Rule 23 requirements") with Burns v. Village of Wauconda, No. 99 C 800, 1999 WL 529574, at * 2 (N.D. Ill. July 15, 1999) (stating that "[t]his court agrees with the analysis in Shushan that the fact that one provision of an FLSA class action (the 'opt in' feature) is plainly inconsistent with Rule 23 does not render all other requirements of Rule 23 automatically inapplicable").

This Court need not decide which side of the argument to accept in addressing the present motion (as the result would be the same either way), and both Plaintiffs and Lifeway argue the majority position. Assuming without deciding, that the majority position is the proper method for determining whether an order authorizing notice for a § 216(b) collective action is appropriate, the court will outline the majority position as developed in the relevant case law from the Northern District of Illinois.

The statutory text of 29 U.S.C. § 216(b) does not define the term "similarly situated." Yet, a majority of the courts in the Northern District of Illinois have engrafted a meaning onto that term, and created a two-step method for determining whether notice should be provided to putative

5

collection action participants. Under the first-step, "[a] named plaintiff can show that the potential claimants are similarly situated 'by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" Taillon v. Kohler Rental Power, Inc., No. 02 C 8882, 2003 WL 2006593, at *1 (N.D. Ill. April 29, 2003) (citing Realite v. Ark Rests. Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)); see also Belbis v. County of Cook, No. 01 C 6119, 2002 WL 31600048, at *4 (N.D. Ill. Nov. 18, 2002); Garza v. Chicago Transit Auth., No. 00 C 438, 2001 WL 503036, at *2 (N.D. Ill. May 8, 2001). Once such a "modest factual showing" has been made, a court may, in its discretion, order that notice be provided to putative collective action plaintiffs. "The second step consists of the court determining whether the class should be restricted based on the 'similarly situated' requirement after discovery is complete." Belbis, No. 01 C 6119, 2002 WL 31600048, at *4 (citing O'Brien v. Morse, No. 02 C 50026, 2002 WL 1290392, at *2 (N.D. Ill. June 11, 2002)).

## IV. ANALYSIS

### A. *Order Authorizing Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b)*

In this case, Plaintiffs cannot even meet the "modest factual showing" sufficient to demonstrate that Lifeway has a common policy or plan that violated the FLSA.

In support of the claim that Lifeway has violated the FLSA, Plaintiffs indicate that four named Plaintiffs - Maximo, Marrin, Flores and Puebla - worked 96, 96, 97 and 96.5 hours, respectively, during the payroll period from July 16, 2003 to July 31, 2003 and were paid only straight-time wages. See Pls.' Mot. for Order Authorizing Notice, Ex. A, B and C. From this proffer, Plaintiffs allege that Lifeway engaged in a scheme to deny employees of earned overtime wages.

In response, Lifeway indicates that Plaintiffs have misinterpreted its pay schedule (which is paid on a bi-monthly basis), and as such, Plaintiffs have not made the "modest factual showing" sufficient to demonstrate that Lifeway has a common policy or plan that violated the FLSA. A work week under the FLSA is defined as a fixed and regularly returning period of 168 hours. See 29 C.F.R. § 778.105 (discussing how to determine a work week for purposes of the FLSA). Lifeway indicates that the payroll period from July 16, 2003 to July 31, 2003 covers two, and a portion of a third, work weeks. As such, Lifeway argues that Plaintiffs Maximo and Marrin did not work more than 40 hours in any given 168 hour period, and thus, no FLSA violation has been shown. Lifeway's response is silent as to Plaintiffs Flores and Puebla, and this silence does make a sound; however, as explained *infra* that sound is not loud enough.

In reply, Plaintiffs do not disagree with Lifeway's argument as to Plaintiffs Maximo and Marrin. Instead, they provide the affidavits of two Plaintiffs - Marrin and De La Rosa - who allege that they and other employees "routinely worked in between 100 and 120 hours every 10 work days (or 50 to 60 hours per week)" and that "[r]egardless of the number of hours that we actually worked on individual work days . . . we would typically be paid only for eight (8) hours per day." See Pls.' Reply, Exhs. A, ¶ 4 and B, ¶ 4. However, this is not the type of "factual" showing that would establish a colorable common policy or plan by Lifeway that violated the FLSA. Plaintiffs further indicate that an investigation by the Illinois Department of Labor found Lifeway to be in violation of the Illinois Minimum Wage Law; however, no details of that investigation are provided.

It must first be noted that the Court makes no decision as to the ultimate issue of whether Lifeway has violated the FLSA. In dealing with the present motion, all that the Court is left with is the Plaintiffs' unrebutted proffer that two of Lifeway's employees - Plaintiffs Flores and Puebla -

7

were not paid for one hour and one-half hour, respectively, of overtime wages. It is the opinion of the Court that a demonstration of Lifeway's payment practice concerning two out of fifty employees (four percent of Defendant's workforce) does not rise to the level of a common policy or plan by Lifeway that violated the FLSA. This is not even a "modest factual showing" of a common policy or plan, as that term has been used in other cases. Compare Belbis, No. 01 C 6119, 2002 WL 31600048, at *4 - 5 (finding a modest factual showing of a common policy or plan where over 350 other similarly situated plaintiffs had "opted in" to a lawsuit, in which named-plaintiffs alleged that they and other similarly situated putative collective action plaintiffs were not paid for attending training).

### B. *Approval of Plaintiffs' Form of the Notice to Putative Collective Action Plaintiffs*

In approving a Notice to putative collective action plaintiffs, the Seventh Circuit has instructed that courts must be careful not to create an "apparent judicial sponsorship of the notice." Woods, 686 F.2d at 581. The Seventh Circuit has stated: "[W]e think it improper for the district court to direct that the notice go out on its letterhead, over the signature of the clerk of court or other judicial officer." Id. The reason for this is that "the judicial imprimatur is likely to be misunderstood as a representation that the suit probably has merit." Id.

The caption of the proposed Notice submitted by Plaintiffs reads like any other pleading, with the name of the court, the title of the action, the file number, and the assigned judge. As such, "the judicial imprimatur is likely to be misunderstood as a representation that the suit probably has merit." Id. Thus, beyond the deficiencies indicated earlier, the Court would not approve Plaintiffs' proposed Notice in its current form.

*C. Order Barring Defendant from Discussing this Lawsuit with Putative Collective Action Plaintiffs*

An order seeking to bar or limit communications between a party and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. See Gulf Oil Co. v. Bernard, 452 U.S. 89, 101 (1981); see also Williams v. Chartwell Fin. Srvcs., Inc., 204 F.3d 748, 759 (7th Cir. 2000) (indicating that a protective order prohibiting communication between parties and a putative class must be based on a clear record and specific findings showing the need for such an order).

In support of an order barring Lifeway from discussing this lawsuit with the collective action plaintiffs, Plaintiffs have alleged that such an order is required in light of actions by Lifeway's President, Julie Smolyansky. In an affidavit, Plaintiff Octavio De La Rosa[2] states:

> After the lawsuit was filed, and on July 17, 2003, the Company's President, "Julie" called me into an office to discuss the case. She asked me to sign papers but she would not let me read those papers. I felt that Julie was trying to coerce me into dismissing my lawsuit against the Company.

Pls.' Reply, Ex. B. Presumably, Plaintiffs seek such an order in this case to prevent Lifeway from soliciting the putative collective action plaintiffs to settle their potential FLSA claims. However, any settlement of FLSA claims would not be enforceable, see, e.g., Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986), and an order barring Lifeway from discussing this case with putative collective action plaintiffs is not required to achieve that result.

---

[2] Plaintiff De La Rosa filed his § 216(b) consent to "Opt-In" to this lawsuit on July, 21, 2003.

9

Furthermore, Plaintiff De La Rosa's affidavit does not alone create the clear record and specific findings showing the need for such an order.

## V. CONCLUSION

To date, eight additional individuals have filed their consents and "opted in" to the present lawsuit, and this opinion in no way hampers Plaintiffs, or their counsel, from informing putative collective action plaintiffs of their potential rights. See, e.g., Shapero v. Kentucky Bar Ass'n., 486 U.S. 466, 472-73 (1988) (describing when lawyer advertising is constitutionally protected commercial speech); Woods, 686 F.2d at 581 (intimating that court-authorized notice under § 216(b) may be unnecessary in light of First Amendment protections for plaintiffs and lawyers). Based on the present record, Plaintiffs have failed to make even a "modest factual showing" to warrant an order from the Court authorizing notice to putative collective action plaintiffs. Further, the Court finds the proposed Notice to be deficient, based on the Seventh Circuit's decision in Woods.

For the foregoing reasons, Plaintiffs' Motion for an Order Authorizing Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b) is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 10-30-03